OPINION
Defendant-appellant, Edward J. Victurine, was found guilty of two counts of rape on February 19, 1985, for violations of R.C. 2907.02(A)(3), and was sentenced accordingly.
On July 30, 1998, appellant appeared before the Franklin County Court of Common Pleas in a sexual predator determination hearing, held pursuant to R.C. 2950.09. Following the hearing, he was found to be a sexual predator from which determination he appeals asserting the following assignments of error:
 1. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN HIS REPRESENTATION AT HIS HEARING FOR `PREDATOR DETERMINATION' PURSUANT TO THE OHIO REVISED CODE § 2950.09(C).
 2. APPELLANT'S HEARING COURT ERRORED [sic] IN FINDING HIM TO BE A SEXUAL PREDATOR WITHOUT THE CLEAR AND CONVINCING EVIDENCE AS REQUIRED BY STATUTE. R.C. § 2950.01 and § 2950.09(B)(3).
At the sexual predator hearing appellant was represented by counsel who had filed constitutional motions concerning the sexual predator statutes. After the court overruled these motions, the state presented the following evidence: (1) a certified copy of the indictment, (2) a certified copy of the entry of guilty form by appellant, (3) a copy of the sentencing entry, (4) a copy of the transcript of the entry of guilty plea (the transcript shows that no statements of fact were given during the hearing as those facts were heard in chambers, consequently, the statement of facts was not given on the record), and (5) a summary written by Detective West of an overview of the police investigation and an overview of the allegations concerning the sexual molesting of a young girl over a time period of five to six years, when she was age six to twelve.
Defense counsel stipulated those exhibits into evidence without objection, and then made the following statement on behalf of appellant:
 "I have discussed with Mr. Victurine, on a couple of occasions, his options as to this proceeding. We have gone through the information that has just been stipulated to for the court. It was Mr. Victurine's decision, after consultation with me, that should the court find that the constitutional issues were resolved against him, that he wished to stipulate the information that you have just received, and that that information is sufficient under Section 2950.09(C) to find that a label of sexual predator is appropriate in this case with the requisite reporting requirements. The court then inquired as follows:
 Mr. Victurine is there anything that you would like to say on your own behalf or any questions that you might have?"
Appellant replied, "No Sir." (Tr. 4-5.)
The trial court reviewed the evidence in relation to the statutory factors and found by clear and convincing evidence that appellant should be classified as a sexual predator.
The investigatory report that was stipulated into evidence shows that appellant engaged in multiple acts of sexual touching, oral sex, and rape upon the victim during a five to six year time period when she was in his custody, first, as a babysitter when appellant was living with her mother, and later as a stepfather. Appellant made the victim submit by force and threats of force. The trial court found no evidence that he was using drugs or had any mental illness or disability.
In appellant's second assignment of error, he asserts that there was not clear and convincing evidence to find him to be a sexual predator.
The state is required to show future propensity by clear and convincing evidence. "Clear and convincing evidence is that a measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegation sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." (Emphasis sic.) Cross v. Ledford
(1954), 161 Ohio St. 469, 477.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Although this standard looks toward the defendant's propensity to engage in future behavior, a trier of fact can look at past behavior as well, since past behavior is often an important indicator of future propensity. See Kansas v. Hendricks (1997), 521 U.S. 346,358.
The evidence herein was sufficient to support a "sexual predator" finding by clear and convincing evidence. The evidence shows that appellant had engaged in multiple acts of sexual misconduct against a six to twelve year old girl, who was in his custody either as a babysitter or a step-daughter. The multiple acts of sexual misconduct occurred over a five to six year period.
The youthful age of appellant's victim reveals an increased risk of future offenses. His repeated acts of sexual misconduct against a youthful and vulnerable victim show his willingness to exploit persons who are relatively defenseless, and indicate a strong danger that appellant will seek to exploit similarly defenseless children in the future. See State v.Ferguson (Mar. 31, 1988), Franklin App. No. 97AP-858, unreported. It is virtually undisputed that there is a high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See State v. Daniels (Feb. 24, 1998), Franklin App. No. 97AP-830, unreported. As we stated inDaniels, the risk of recidivism must be viewed as considerable, in that it involves an offender who has disregarded the universal, legal, and moral reprobation against sex with young children.
In summary, the reprehensible nature of the acts, the frequency with which they occurred, the age of the victim, and the position of trust in that the victim was within appellant's custody, all mitigate strongly in favor of a finding that appellant is very likely to be a recidivist who will repeat these types of acts.
There was sufficient evidence for the trial court to find by clear and convincing evidence that appellant is a sexual predator as defined by R.C. 2950.01(E). In addition, as noted previously, appellant, after consultation with his counsel, stated that he wished to stipulate that the information was sufficient to find that he is a sexual predator.
Appellant's second assignment is therefore overruled.
Appellant in his first assignment of error, claims that he was denied the effective assistance of counsel in his representation at the sexual predator hearing. He asserts that R.C. 2950.09(B)(1) allows him to present evidence, call and examine witnesses and expert witnesses, regarding the determination of whether he is a sexual predator, and that his counsel presented no evidence on his behalf in the sexual predator hearing.
As we have previously noted, appellant's counsel at the sexual predator hearing told the court that she had discussed with him on a couple of occasions his options as to the proceeding, and that it was appellant's decision that, should the court resolve the constitutional issues against him, which had been presented by motion by his counsel, that he wished to stipulate the information was sufficient to find him to be a sexual predator. He now seeks to assert that there is information not contained in the record, such as completion of the Monticello Program for sexual offenders while in prison, which should have been before the court had his counsel been effective.
From the record, it clearly appears that appellant had taken control of the way that the hearing was to be presented, and decided to rely solely upon his constitutional motions which were properly overruled by the trial court. See United States v.Salerno (1987), 481 U.S. 739, 751; State v. Chappell (Feb. 24, 1998), Franklin App. No. 97AP-543, unreported.
Even if there was favorable information regarding appellant's completion of the Monticello Program (which we do not know since there is no information in the record) completion of that program is only evidence that the trial court would weigh against the evidence previously cited which strongly indicates the propensity on the part of appellant to commit future offenses. It would not be determinate as a matter of law.
Appellant has failed to establish that his counsel committed any unprofessional errors, or that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Stricklandv. Washington (1984), 466 U.S. 668.
Appellant's first assignment of error is overruled.
Appellant's assignments of errors are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.